14-577-cv
Thompson v. City of New York

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of February, two thousand fifteen.

PRESENT: DENNIS JACOBS,
    RICHARD C. WESLEY,
    SUSAN L. CARNEY,
       <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X

KEVIN THOMPSON,
    <u>Plaintiff-Appellant</u>,

    -v.-                14-577-cv

CITY OF NEW YORK, DETECTIVE JOSEPH HICKEY, POLICE OFFICER ANTHONY CAROZZA, POLICE OFFICER PETER BORUKHOV, JOHN AND JANE DOES 1-6,
    <u>Defendants-Appellees</u>.[*]

- - - - - - - - - - - - - - - - - - - -X

---

[*]   The Clerk of Court is respectfully directed to amend the official caption in this case to conform with the caption above.

**FOR APPELLANT:**          PATRICK O'KEKE (John Iwuh, on the brief), O'keke & Associates, P.C., Brooklyn, New York.

**FOR APPELLEES:**          FAY NG (Pamela Seider Dolgow, on the brief), for Zachary W. Carter, Corporation Counsel of the City of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Dearie, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Kevin Thompson appeals from the judgment of the United States District Court for the Eastern District of New York (Dearie, J.), granting summary judgment in favor of defendants-appellees the City of New York, Detective Joseph Hickey, Police Officer Anthony Carozza, and Police Officer Peter Borukhov (collectively, the "police officers"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Summary judgment must be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see generally Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). We review de novo a district court's grant of summary judgment. Mario v. P & C Food Mkts., Inc., 313 F.3d 758, 763 (2d Cir. 2002).

The existence of probable cause is an absolute defense to false arrest and malicious prosecution claims, whether asserted under 42 U.S.C. § 1983 or under New York state law.[1] See Manganiello v. City of New York, 612 F.3d 149, 161-62 (2d Cir. 2010); Jenkins v. City of New York, 478 F.3d 76, 84 (2d Cir. 2007); Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). "Probable cause exists if a law enforcement

---

[1] Thompson does not address his other state law claims in his appellate briefs and thus any argument he may have regarding their dismissal has been waived. Norton v. Sam's Club, 145 F.3d 114, 117 (2d Cir. 1998).

official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." United States v. Gagnon, 373 F.3d 230, 236 (2d Cir. 2004).

The following undisputed facts establish that the police officers had probable cause to arrest Thompson: (1) a hat was found at the scene of the burglary that did not belong to any of the residents; (2) DNA found on the hat matched Thompson's; (3) Thompson's last-known address was within 300 feet of the burglary; and (4) Thompson's lengthy criminal history included multiple robbery and larceny-related offenses.

The existence of probable cause was not negated by the officers' alleged failure to undertake additional investigation. See Curley v. Village of Suffern, 268 F.3d 65, 70 (2d Cir. 2001) ("[T]he arresting officer does not have to prove plaintiff's version wrong before arresting him. . . . Nor does it matter that an investigation might have cast doubt upon the basis for the arrest.").

For the foregoing reasons, and finding no merit in Thompson's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK